IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                                                         Case No.: 3:13cr81/LAC

BRANDON LAMAR ROBERTS,
_____/

## ORDER

Before the Court is Defendant's Motion for a Reduction in Sentence under the "Compassionate Release" provision of the First Step Act of 2018 (FSA) (Doc. 97). The Government has not responded as of the date of this Order.

In Defendant pleaded guilty to a conspiracy to distribute cocaine and marijuana; use of a firearm in relation to a drug trafficking crime; and possession of a firearm and ammunition by a convicted felon, for which he was sentenced in January of 2014 to two concurrent terms of 90 months and a consecutive term of 60 months. According to the BOP, Defendant's projected release date is October 9, 2022.

In support of his motion, Defendant generally states his concerns over the ongoing Covid-19 epidemic. He states he is worried for his elderly parents who have unidentified illnesses, and for himself because he has hypertension. Defendant

otherwise states that he has earned his GED while in prison and has taken other classes for personal improvement.

The Court has the discretion under the First Step Act to determine whether extraordinary and compelling reasons exist such that relief may be granted an inmate. *See, e.g.*, *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *2 (D. Utah Feb. 18, 2020); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019). With due regard for the factors outlined in U.S.S.G. § 1B1.13, as well as 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g), the Court finds that extraordinary and compelling reasons do not exist to warrant a reduction in Defendant's sentence under the compassionate release statute.

While Defendant's hypertension may increase his risk in relation to the Covid-19 virus, Defendant does not show that he requires anything other than routine medical management for his condition. The Court also notes that Defendant is relatively young at 37 years of age. As Defendant does not appear to be distinctly vulnerable as compared with other inmates in the vast prison system, the Court does not find that extraordinary and compelling reasons exist to grant relief. *See also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society

and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

Accordingly, it is **ORDERED:**

1. Defendant's Motion for a Reduction in Sentence (Doc. 97) is **DENIED**.

**ORDERED** on this 2nd day of September, 2020.

s/ *L.A. Collier*<br>Lacey A. Collier<br>Senior United States District Judge